Ronnie DAVIS *v.* Joseph E. KOLB
et al

77-260                                    563 S.W. 2d 438

Opinion delivered March 27, 1978
(Division II)

*William H. Hodge,* for appellant.

*Rose, Nash, Williamson, Carroll, Clay & Giroir,* by: *Allen W. Bird II,* for appellees.

CONLEY BYRD, Justice. Appellant Ronnie Davis obtained a timber deed to a 294 acre tract from the appellees, Joseph E. Kolb, et al. The consideration recited in the timber deed was: "First $10,500 to [appellees]; next $2,000 to [appellant], all remaining to be divided fifty/fifty after payment of costs of removal of timber." The chancellor set aside the timber deed on the basis that appellant had misrepresented his experience and knowledge as a timber buyer to the appellees and that since appellant was not an experienced timber buyer, the deed was not supported by consideration. For reversal appellant contends:

I. The chancellor's finding of no consideration is clearly against the preponderance of the evidence.

II. The particular misrepresentation found was not a sufficient ground for cancellation of the timber deed because it was not material to the execution of the deed.

The record shows that during the negotiations, appellant led the appellees to believe that appellant was knowledgeable about the value of timber and that appellant was going to cut and remove the timber. Appellant does not deny that he told appellees during the negotiations that the timber was worth $18,000 to $20,000. After obtaining the contract, appellant started trying to sell his contract to someone else and readily admits that he was shocked to find out that the timber had a value in excess of $50,000.

While we do not disagree with the reasoning of the chancellor, and without intending to indicate that his findings are not sufficient to affirm the setting aside of the deed, we affirm upon the basis of Ark. Stat. Ann. § 85-2-302 (Add. 1961), which provides:

"(1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

(2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination."

The Uniform Commercial Code is made applicable to timber sales by Ark. Stat. Ann. § 85-2-107 (Supp. 1977).

When we add to the undisputed facts the further fact that appellant had no capital invested and no risk, it would be unconscionable for any court to enforce the contract. See Annotation 18 A.L.R. 3d 1305.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HOLT, JJ.